IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00333-PAB-KLM

MUNEEB CHAWLA, an individual,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on **Defendant's Motion for Leave to Serve Discovery Responses Out of Time and Withdraw or Amend its Responses to Plaintiff's Requests for Admissions** [#21][1] (the "Motion"). On September 23, 2013, Plaintiff filed a Response [#23]. On October 10, 2013, Defendant filed a Reply [#24].[2] Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for disposition [#22]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The undersigned generally does not allow the filing of contested discovery motions, and instead directs counsel to call the Court for a telephone hearing. *See Scheduling Order* [#17] §§ 8(d), 12; *Order Setting Scheduling Conference* [#7] § E.1. My procedures were not followed here. However, because the filing of the Motion was brought to my attention after substantial briefing had been completed and conducting a telephone hearing would have involved duplication of effort by counsel and increased expense for the parties, in this instance only, the dispute will be handled by written briefing and a written order. The parties must follow my telephone hearing procedures regarding all future discovery disputes.

1

in the premises. For the reasons set forth below, the Motion [#21] is **GRANTED**.

## I. Background

Plaintiff brought this case against Defendant on February 7, 2013. *See generally Complaint* [#1]. Plaintiff asserts six claims pursuant to Title VII, one claim pursuant to the Colorado Anti-Discrimination Act, a breach of contract claim relating to his employment contract, a promissory estoppel claim, a wrongful discharge claim, and a claim of breach of the covenant of good faith and fair dealing. *Id.* at ¶¶ 51-131. In short, Plaintiff alleges that he was discriminated against, harassed, and subject to discriminatory comments because he is one-half Pakistani and one-half Indian and is Muslim. *Id.* at ¶¶ 7-8, 13. Plaintiff also alleges that he was subject to adverse employment actions based on his ethnic and religious background. *Id.* at ¶ 13.

In the Motion, Defendant seeks leave of the Court to serve its responses and objections to Plaintiff's First Set of Written Discovery[3] 18 days after the deadline set by Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A), and 36(a)(3), and to allow Defendant to withdraw and amend its responses to Plaintiff's requests for admission 16 days after the deadline set by Fed. R. Civ. P. 36(a)(3). The parties do not dispute the events leading up to the Motion, which the Court will briefly summarize.

On June 26, 2013, Plaintiff served written discovery on Defendant via first class mail. *Motion* [#21] at 3; *Response* [#23] at 2. As a result, Defendant's deadline to respond to the discovery requests was July 29, 2013. *Motion* [#21] at 3; *Response* [#23] at 2.

---

[3] Plaintiff's First Set of Written Discovery includes interrogatories, requests for production, and requests for admission. *See generally Plaintiff's First Set of Written Discovery to Defendant* [#21-1].

2

Defendant's counsel's assistant received the discovery requests and filed them without calendaring the response deadline or notifying counsel of receipt of the discovery requests. *Motion* [#21] at 3; *Aff. of Victoria Perlowski* [#21-2] at ¶¶ 5-6. On August 7, 2013, Plaintiff's counsel emailed Defendant's counsel notifying Defendant's counsel that discovery responses were due on July 29, 2013. *See generally Beckman Email* [#21-3]. The email stated that "Defendant has waived any and all objections that it may have otherwise had to" the discovery requests, and notified Defendant of Plaintiff's intention to file a "motion to compel and for sanctions for failing to adhere to the rule of discovery in this case." *Id.* at 2. The following day, Defendant's counsel sent an email to Plaintiff's counsel thanking her for notifying him of his failure to serve discovery responses, explaining that his assistant never brought the discovery requests to counsel's attention, and stating that Defendant would serve responses to the requests for admission no later than August 14, 2013, and responses to the remaining discovery requests no later than August 16, 2013. *Smith Email* [#21-4] at 1. On August 14, 2013, Defendant served its responses to the requests for admission on Plaintiff via hand delivery. *See Response to RFAs* [#21-5] at 6. On August 16, 2013, Defendant served its responses to the remaining discovery requests on Plaintiff via hand delivery. *See Response to RFPs* [#21-7] at 13; *Response to Interrogatories* [#21-6] at 20-22.[4] That same day, Plaintiff's counsel sent another email to Defendant's counsel reiterating her position that Defendant "waived any and all objections that it may have

---

[4] The Court notes that the Certificate of Service attached to Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant [#21-6] does not include a date. This appears to be an oversight. However, Plaintiff does not contest that this document was served on August 16, 2013. *See Response* [#23] at 3 (noting that it received responses to discovery requests on August 14 and 16, 2013). In addition, Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant was verified by Defendant on August 16, 2013. *See Response to Interrogatories* [#21-6] at 20.

3

otherwise had to Plaintiff's written discovery requests" and that Defendant was deemed to have admitted the statements in Plaintiff's Requests for Admission. *August 16 Email* [#21-8] at 4.

The discovery deadline in this case is December 16, 2013. *See Scheduling Order* [#17] § 9(b). As of the date of the filing of the Motion, Defendant had deposed at least one witness. *Motion* [#21] at 3. As of the filing of Plaintiff's Response, Plaintiff had taken three depositions. *See Response* [#23] at 7.

## II. Analysis

### A. Requests for Admission

Pursuant to Fed. R. Civ. P. 36(a), "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. "If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (citing Fed. R. Civ. P. 36(a)). Essentially, requests for admission "expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial." *Keen v. Detroit Diesel Allison,* 569 F.2d 547, 554 (10th Cir. 1978). Because requests for admission establish the truth of the matter, they "are not to be treated as substitutes for discovery processes to uncover evidence, and [ ] they may not be applied to controverted legal issues lying at the heart of the case." *Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955); *see also Safeco Ins. Co. of Am. v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252 at 524-525 (2d ed. 1994) *(*Rule 36 "presupposes that the party proceeding under it knows the facts.")).

4

Although Fed. R. Civ. P. 36(a)(3) indicates that "[a] matter is admitted unless, within 30 days" the responding party serves a written answer, Rule 36(b) also contemplates that putative admissions may be withdrawn or amended where doing so would not result in prejudice. "The court may permit such withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser*, 409 F.3d at 1246 (internal quotation and citation omitted).

The first part of the test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* (citation omitted). Here, Plaintiff argues that request for admission 2 "seeks an admission of a core element of Plaintiff's breach of contract and promissory estoppel claims." *Reply* [#24] at 5. "To succeed on a breach of contract claim in Colorado, a plaintiff must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Larson v. One Beacon Ins. Co.*, No. 12-cv-03150-MSK-KLM, 2013 WL 5366401, at *8 (D. Colo. Sept. 25, 2013) (internal quotation and citation omitted). To succeed on his promissory estoppel claim, Plaintiff must establish: "(1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice." *Trujillo v. Atoms Energy Corp.*, 896 F.Supp.2d 949, 954 (D. Colo. 2012)

5

(quotation and citation omitted). Request for admission 2 states:

> Please admit that Your prior employment relationship with Plaintiff included promises not to discriminate against him based on race or ethnic background and not to retaliate against the Plaintiff for his complaints of discrimination in the work place.

*Plaintiff's First Set of Written Discovery to Defendant* [#21-1] at 7. The Court agrees with Plaintiff that request for admission 2 seeks an admission of a core element of at least one of Plaintiff's claims.

Plaintiff also argues that requests for admissions 10, 19, and 20 "are directly related to Plaintiff's discrimination and harassment claims." *Reply* [#24] at 5. "A hostile work environment claim has four elements: (1) the plaintiff belongs to a protected group; (2) [he] was subject to unwelcome harassment; (3) based on [his protected class]; and (4) due to the harassment's severity or pervasiveness, it altered the terms, privileges, or conditions of [his] employment and created an abusive working environment." *Bragg v. Office of the Dist. Atty., Thirteenth Judicial Dist.*, 704 F.Supp.2d 1032, 1057 (D. Colo. July 16, 2009) (citations omitted). Request for admissions 10 states:

> Please admit that following Plaintiff's internal complaint on or about February 14, 2012, You were able to substantiate Plaintiff's allegations of harassment perpetuated by at least one of his coworkers, Lawrence Espelage.

*Plaintiff's First Set of Written Discovery to Defendant* [#21-1] at 8. Request for admission 19 states:

> Please admit that Mr. Hooker made inappropriate and offensive comments to Plaintiff regarding his Pakistani and Indian ethnic background.

*Id.* at 8. Request for admission 20 states:

> Please admit that Mr. Hooker sent an inappropriate and offensive e-mail to Plaintiff and Plaintiff's entire team that directly attacked Plaintiff's Pakistani culture by associating it with terrorism.

*Id.* at 9. The Court agrees with Plaintiff that requests for admission 10, 19, and 20, if admitted, each establish a core element of at least one of Plaintiff's claims. Accordingly, the Court finds that the first part of the Rule 36(b) test "is satisfied [because] upholding the admissions would practically eliminate [some] presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (citation omitted).

The second Rule 36(b) factor requires Plaintiff to show that he would be prejudiced by the withdrawal of Defendant's admissions. "Mere inconvenience does not constitute prejudice for this purpose." *Raiser*, 409 F.3d at 1246. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987). "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case*, e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995) (internal quotation marks omitted).

Here, Plaintiff's only allegation of prejudice is that Plaintiff has expended additional attorney's fees in responding to the Motion and that "Plaintiff has taken three depositions in this matter." *Response* [#23] at 7. Defendant argues that there is no prejudice to Plaintiff because the "Motion was pending before Plaintiff took any of those depositions, . . . . [and] Plaintiff's counsel had plenty of time during each of those depositions to explore the subjects covered by his requests for admissions." *Reply* [#24] at 4.

The Court finds that allowing Plaintiff to withdraw and amend its responses to Plaintiff's requests for admission 16 days after the deadline set by Fed. R. Civ. P. 36(a)(3)

will not prejudice Plaintiff. *See Spent v. Geolfos*, No. 11-cv-01878-MSK-MEH, 2011 WL 6102025, at *8 (D. Colo. Dec. 7, 2011). "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1121 (citing *Brook Village North Ass'n v. General Electric Co.,* 686 F.2d 66, 70 (1st Cir.1982)). On the other hand, the prejudice to Defendant would be manifest if the putative admissions were allowed to stand. Accordingly, the Court **GRANTS** Defendant's Motion to the extent it seeks approval of its withdrawal and amendment of its responses to Plaintiff's requests for admission on August 14, 2013, 16 days after the deadline set by Fed. R. Civ. P. 36(a)(3).

**B.      Interrogatories and Requests for Production**

Defendant also seeks leave of the Court to serve its responses and objections to the interrogatories and requests for production contained in Plaintiff's First Set of Written Discovery 18 days after the deadline set by Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A), and 36(a)(3). Fed. R. Civ. P. 33(b)(2) allows the Court to extend the deadline for a party to respond to interrogatories and Fed. R. Civ. P. 33(b)(4) states that any ground for an objection to an interrogatory is waived unless timely asserted "unless the court, for good cause, excuses the failure." Similarly, Fed. R. Civ. P. 34(2)(A), which governs requests for production, sets a deadline for responding to any such requests and allows for the deadline to be adjusted by the Court. Although not specifically stated in Fed. R. Civ. P. 34, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (citing cases) (finding that where no good cause for the delay was articulated, objections first asserted 71 days after service of discovery

8

requests were waived). Accordingly, Defendant must show good cause for its failure to respond to the interrogatories and requests for production.

Here, Defendant's counsel admits that he made a mistake. Further the facts show that as soon as counsel was made aware of the missed deadline, he offered to serve responses to the requests the following week. *See Smith Email* [#21-4] at 1. Defendant kept to those deadlines and served its responses to the requests for admission on Plaintiff via hand delivery on August 14, 2013, *see Response to RFAs* [#21-5] at 6, and served responses to the remaining discovery requests on Plaintiff via hand delivery on August 16, 2013. *See Response to RFPs* [#21-7] at 13; *Response to Interrogatories* [#21-6] at 20-22. The Court does not condone defense counsel's oversight or his reliance on an assistant to verify deadlines. However, the Court also understands that mistakes are made, and relatively minor mistakes, like this one, should not impede adjudication of the claims on their merits. Furthermore, the 18-day delay does not appear to have prejudiced Plaintiff in any way. At the time Plaintiff received the delayed responses, he had conducted no depositions and he had almost four months in which to complete discovery. *See Scheduling Order* [#17] § 9(b) (discovery deadline is December 16, 2013).

Finally, Plaintiff's reliance on *Pham*, 193 F.R.D. at 661, is misplaced. As the Court made clear in *Spent*:

> While it is true that the defendant in *Pham,* like Defendant here, failed to serve timely responses to the discovery requests and failed to seek an extension of time within which to do so, the *Pham* court found that the defendant in that case also responded to discovery, including objections, *only* after being ordered to do so by the court and the defendant never explained nor attempted to articulate good cause for the delay.

*Spent*, 2011 WL 6102025, at *5 (emphasis in original). Here, in contrast, Defendant's

counsel acted quickly once the issue was brought to his attention and sought relief from the Court when it became clear that Plaintiff would not agree to an extension.

In this case, based on these facts, the Court finds that Defendant has demonstrated good cause for the delay in serving discovery responses and, therefore, the Court **GRANTS** Defendant's Motion to the extent it seeks leave of the Court to serve its responses and objections to Plaintiff's First Set of Written Discovery 18 days after the deadline set by Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A), and 36(a)(3).

### III. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Defendant's discovery responses served on Plaintiff on August 14, 2013 are deemed timely served on Plaintiff.

IT IS FURTHER **ORDERED** that Defendant's withdrawal and amendment of its responses to Plaintiff's requests for admission on August 16, 2013 are deemed timely served on Plaintiff, and the amended responses shall serve as Defendant's responses to Plaintiff's requests for admission.

Dated: October 18, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge